**In re Richard ROWE and Karla Rowe, Debtors.**

**MACK FINANCIAL CORP., Plaintiff,**

v.

**Richard ROWE, et al., Defendants.**

**Bankruptcy No. 91–3357.
Related No. 91–31977.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 15, 1992.

Michael Noggle, Findlay, Ohio, for plaintiff.

Dean R. Washburn, Marion, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court on Plaintiff's Complaint Objecting to the Discharge of Debts pursuant to 11 U.S.C. 727(a)(2)(A). A trial on the merits was held on August 11, 1992 in which the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments of counsel, stipulations, exhibits, relevant statutory and case law, as well as the entire record. Based upon that review, and for the following reasons, the Court finds that Plaintiff is granted judgment against the Defendant, Richard Rowe, in the amount of Sixty One Thousand Five Hundred Dollars ($61,500.00); and that pursu-

ant to 11 U.S.C. 727(a)(2)(A), this judgment is Nondischargeable.

## STIPULATIONS

The parties have entered into the following stipulations:

1. Defendant is the owner and operator of R & R Truck Agency.

2. Plaintiff is a secured creditor by virtue of notes and security interests obtained from Defendants upon their purchase of numerous vehicles financed by Plaintiff.

3. On June 28, 1991, Plaintiff repossessed two of Defendant's vehicles. These vehicles were in reasonable condition, ordinary wear and tear excepted.

4. Defendant surrendered to Plaintiff the following trucks on the accompanying dates:

| One (1) | 1978 Mack Tractor | July 14, 1991 |
|---|---|---|
| One (1) | 1984 Mack R & R Truck | July 15, 1991 |
| Two (2) | 1985 MHS Mack Trucks | July 15, 1991 |
| Three (3) | Mack Trucks | July 16, 1991 |
| One (1) | other Truck | July 20, 1991 |

5. The trucks specifically listed in ¶ 4 above were not roadworthy and had been stripped of various parts, all contrary to the terms of the security agreement.

6. The sole issue before the Court is whether Defendant had the requisite intent to hinder, delay, or defraud the Plaintiff when he removed and concealed or permitted the removal and concealment of property owned by Defendant within one year before the date of filing of his petition, as required under 11 U.S.C. 727(a)(2)(A).

## FACTS

The basic facts are not in dispute. Defendant purchased seven (7) trucks from Flag City Truck & Equipment (hereafter "Flag City") as follows:

| One (1) 1989 Mack 36" Sleeper | March 14, 1989 |
|---|---|
| One (1) 1978 Mack Fifth Wheel | May 14, 1990 |
| Five (5) 1985 Mack Fifth Wheels | May 14, 1990 |

Karla Rowe, Defendant's spouse, is a guarantor for the March 14, 1989 purchase from Flag City only. Lima Mack Sales & Service (hereafter "Lima Mack") sold Defendant a 1984 Mack Tractor on June 2, 1989. Both Flag City and Lima Mack are secured creditors whose agreements were assigned to Plaintiff. According to the security agreements, Defendant warranted to keep all trucks in good condition, excepting "reasonable wear and tear". Further, the security agreements attach to all accessions. Defendant is aware of both provisions under the security agreements.

Defendant's business began to fail during January, 1991. Although operational, the business was generating little, if any, revenue. To maintain day-to-day operations, Defendant permitted his drivers to interchange parts between trucks. This involved the removal of parts from one truck and the attachment of that part to another truck (also referred to as cannibalizing). Batteries were removed from some trucks as were tires. The turbo was removed from one truck and placed in another truck. Defendant did advise his employees to place a notice on the truck that the turbo was missing. An employee replaced the seat, stacks and chrome wheels on one truck with his own items. Defendant admits advising his employee that he could remove those items belonging to him before Plaintiff took possession. Upon repossession, those items purchased by Defendant's employee and those items initially removed from the truck were both missing from the truck.

On May 16, 1991, Defendant filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code. During June, 1991 and July, 1991, Defendant voluntarily surrendered the fleet purchased from Lima Mick and Flag City to Plaintiff.

Defendant disavows any personal involvement regarding the removal, destruction or hiding of trucks. During this time he was in Canada. Before his departure, Defendant did advise his staff to prepare all trucks for repossession by July 13, 1991. Although Defendant was not pleased with the manner in which his trucks were repossessed, he professes no animosity toward Plaintiff.

During July, 1991, Plaintiff authorized Jeff Fremont, sales manager for Flag City, to retrieve three of Defendant's trucks from Caledonia, Ohio. All three vehicles were immovable so each was towed to Toledo. The defects to the three vehicles as observed by Mr. Fremont are as follows: the turbo was removed from one truck; several tires were removed from all trucks; several tires were deflated on all trucks; several tires had been replaced on all trucks; and a clutch cable was broken on one truck. The truck with the missing turbo included a notice that the turbo had been removed.

Henry Helton, owner of Flag City, assisted in the repossession of Defendant's trucks. Mr. Helton noted that in addition to those defects observed by Mr. Fremont, four batteries had been removed from one truck. Since the truck required all four batteries to start, the truck was immovable.

Upon repossession, Flag City repaired all eight trucks. The total costs of repair, excepting aesthetic or cosmetic changes, was Thirty Nine Thousand Two Hundred Seventy Seven and 16/100 Dollars ($39,277.16). Flag City then sold all eight trucks to Acme Leasing and Lima Mack for One Hundred Thirty Thousand Dollars ($130,800.00). Flag City garnered a profit of Nineteen Thousand Five Hundred Twenty Two and 84/100 Dollars ($19,522.84).

At the time of repossession, the total balance owed to Plaintiff on Defendant's loan was One Hundred Sixty Thousand Five Hundred Dollars ($160,500.00). Plaintiff was able to recoup Seventy Two Thousand Dollars ($72,000.00) through the sale of the vehicles to Flag City. Adjustments and other recourse total approximately Twenty Seven Thousand Dollars ($27,000.00) and therefore the deficiency owed to Plaintiff totals Sixty One Thousand Five Hundred Dollars ($61,500.00).

## LAW

Section 727(a)(2)(A) provides:

(a) The Court shall grant the debtor a discharge unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title [11 USCS § 101 et seq.], has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the filing of the petition;

## DISCUSSION

■ To succeed under § 727(a)(2)(A), Plaintiff must establish that (1) the debtor transferred, removed, or concealed property or in the alternative, debtor permitted the property to be transferred, removed, or concealed; (2) the property belonged to the debtor; (3) the transfer, removal, or concealment occurred within one year before the Petition in Bankruptcy was filed; and (4) the act was done with an intent to hinder, delay or defraud the creditor. *In re Bastrom*, 106 B.R. 223 (Bankr.D.Mont. 1989) (quoting *In re Martin*, 88 B.R. 319, 322 (D.Colo.1988)).

■ Removal is defined as an actual or physical change in the position or locality of property belonging to the debtor which results in a depletion of the debtor's estate. *Collier on Bankruptcy*, § 727.-02[6][a] 15th Ed.1984. Intent must be actual intent as distinguished from constructive intent. *Collier on Bankruptcy, id,* at § 727.02[3]. Since it is unlikely that the debtor will ever admit fraudulent intent, a finding of actual intent may be based upon circumstantial evidence or inferences drawn from a course of conduct. *In re Devers*, 759 F.2d 751 (9th Cir.1985). In effect, a court must consider all surrounding facts and circumstances to determine the debtor's intent. The burden of proof regarding the debtor's intent is on the objecting party. Bankr.R. 4005.

■ It is uncontroverted that all events occurred in the case at bar either within one (1) year prior to or within two (2) months after the filing of Defendant's petition. Likewise there is no contest regarding whether Defendant's acts constitute removal or destruction. The dispositive issue is whether Defendant's intent was to hinder, delay, or defraud Plaintiff when he (1) removed, destroyed, mutilated, or concealed trucks or (2) permitted the removal, destruction, mutilation or concealment of trucks.

■ Section 727(a)(2)(A) does not require that debtor personally remove or destroy property from the estate. The debtor may be found to have fraudulent intent by merely permitting the removal and/or destruction of property of the estate. In this case, the Court finds that based upon Defendant's testimony alone, the evidence shows: (1) that Defendant had knowledge of the removal of a turbo by his personnel; (2) that Defendant did permit the attachment of a seat, chrome wheels and stacks to one truck; (3) that Defendant did authorize the removal of the seat, chrome wheels and stacks before repossession by Plaintiff's agent; (4) that Defendant did permit the removal of batteries and tires by his personnel; (5) that Defendant never replaced any removed parts prior to repossession; and (6) that Defendant was aware that all of the aforementioned acts were in contravention of the security agreement.

The Court finds that Defendant was aware that removal, destruction or hiding of trucks encroached upon the terms of the security agreement. He was even aware that the security agreement attached to the seat, chrome wheels and stacks however he still encouraged an employee to remove those items. Although the record is devoid of evidence that Defendant personally removed, destroyed or hid any trucks, he failed to admonish his employees that they too were precluded from removing, destroying or hiding trucks in contravention with the terms of the security agreement. Thus, defendant permitted the removal and/or destruction of the estate's property. Defendant further exhibited his laissez faire attitude by advising his staff to prepare the trucks for repossession and then

retreating to Canada while his trucks were being repossessed.

The Court further finds that Defendant intended to hinder Plaintiff in recouping its loss by turning over collateral which was significantly reduced in value. Defendant knew or should have known that a truck without tires, batteries, seat or turbo is significantly diminished in value. Further, Defendant knew or should have known that Plaintiff would be required to expend significant amounts to refurbish and revitalize the fleet prior to resale. There is no doubt that Defendant's course of conduct constitutes a reckless indifference for his contractual obligations. As such, Defendant is not entitled to discharge the debt emanating from his intentional acts.

There is insufficient evidence regarding the liability of Karla Rowe, Defendant's spouse and co-defendant. Ms. Rowe did not testify at trial nor was there any evidence presented showing the extent of her liability. Although Ms. Rowe did sign as guarantor on one of Defendant's truck purchases, the Court is unable to transmute that obligation through final sale. Therefore the Court makes no judgment against Ms. Rowe in this matter.

Defendant's obligation to Plaintiff totalled One Hundred Sixty Thousand Five Hundred Dollars ($160,500.00) and Plaintiff recouped Seventy Two Thousand Dollars ($72,000.00). Plaintiff gave Defendant credits and recourse of Twenty Seven Thousand Dollars ($27,000.00) and the deficiency balance totals Sixty One Thousand Five Hundred Dollars ($61,500.00). Judgment is granted to Plaintiff against Defendant Richard Rowe in the amount of the deficiency or Sixty One Thousand Five Hundred Dollars ($61,500.00).

In reaching these conclusions, the Court has considered the demeanor of all witnesses, all evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Plaintiff is granted judgment against Defendant Richard Rowe in the amount of Sixty One Thousand and Five Hundred Dollars ($61,500.00).

It is further ORDERED that the Plaintiff's judgment against Defendant in the amount Sixty One Thousand Five Hundred Dollars ($61,500.00) be, and is hereby, held to be NONDISCHARGEABLE under 11 U.S.C. 727(a)(2)(A).