APPEL, Justice.
In this case, we are asked to consider when a child has been “removed from the physical care” of parents for at least twelve of the last eighteen months, thereby establishing a necessary element for termination of parental rights under Iowa Code section 232.116(l)(e) and (f) (2016). According to the parties on appeal, the father at no time had actual physical custody of the child. Nonetheless, the district *202 court determined that for purposes of the statute, the child should be considered “removed” from the father’s physical care for the requisite time period to support a termination of parental rights. The father appealed and we transferred the case to the court of appeals. The court of appeals affirmed. We granted further review. For the reasons expressed below, we vacate the decision of the court of appeals and reverse the district court.
I. Factual and Procedural Background.
The child in this case, C.F.-H., was born in 2007. The mother and father were never married. Prior to November 2012, no custodial order existed for C.F.-H.
In 2011, the Iowa Department of Human Services (DHS) investigated an incident of domestic violence involving the mother and the father. As a result of the investigation, DHS made a founded child abuse assessment against the father. The parents participated in voluntary services after which the case was closed in June 2012.
In August, DHS investigated a second incident of domestic violence involving the parents. This time, the investigation resulted in DHS making a founded child abuse assessment against both parents.
In November, the juvenile court adjudicated C.F.-H. a child in need of assistance under Iowa Code section 232.2(6)(c )(1) (2011), concluding that C.F.-H. was suffering or imminently likely to suffer harmful effects as a result of mental injury caused by the acts of C.F.-H.’s parents.
The district court agreed that C.F.-H. was a child in need of assistance on November 30, 2012. The district court order placed C.F.-H. in the physical custody of the mother under the supervision of DHS and granted the father visitation rights at the discretion of DHS. In December, the district court continued custody of the child with the mother with visitation for the father.
In June 2013, the mother moved for concurrent jurisdiction in order to obtain a permanent custodial order with respect to C.F.-H. The juvenile court granted the motion. On June 23, 2014, the district court ordered temporary joint legal custody of C.F.-H. On March 4, 2015, the district court entered a final decree of custody, granting joint legal custody to both parents. Primary physical care was placed with the mother and visitation with the father.
In a report filed on August 10, DHS filed a request to dismiss further juvenile court proceedings. DHS later rescinded the recommendation, however, but the father moved the district court to dismiss the proceedings. The juvenile court denied the dismissal on October 9.
In February 2016, DHS filed a petition to terminate the father’s parental rights. After a hearing, the district court entered an order terminating the father’s parental rights under Iowa Code section 232.116 (l)(e) and (f) (2015).[1]
*203 The father appealed, raising three issues. First, the father argued that because physical custody of the child had never been “removed” from him, the district court erred in granting termination of his parental rights under section 232.116(l)(e) and if). Second, the father argued that the district court failed to consider the best interest of the child. Third, the father challenged admission of a therapist report.
The court of appeals affirmed the district court. The father sought further review, which we granted. For the reasons expressed below, we now reverse the decision of the district court.
II. Standard of Review.
We review issues of statutory construction for correction of errors at law. In re J.C., 857 N.W.2d 495, 500 (Iowa 2014); In re G.J.A., 547 N.W.2d 3, 5 (Iowa 1996). We are required to construe provisions in Iowa Code chapter 232 liberally “to the end that each child under the jurisdiction of the court shall receive, preferably in the child’s own home, the care, guidance and control that will best serve the child’s welfare and the best interest of the state.” Iowa Code § 232.1; In re A.M., 856 N.W.2d 365, 373 (Iowa 2014).
III. Discussion.
A. Relevant Statutory Provisions.
We begin with a review of the relevant statutory provisions. Chapter 232 of the Iowa Code is a comprehensive chapter which generally addresses juvenile justice. This case involves the potential relationship between statutory provisions related to removal and statutory provisions related to termination of parental rights. Therefore, we review the statutory provisions related to removal and termination in some detail.
1. Provisions related to removal. Chapter 232 contains four provisions relating to removal of the child from the home. The first provision involves removal of the child prior to court intervention under certain extraordinary situations. Iowa Code § 232.79. The second section relates to temporary removal before or after the filing of a petition on an ex parte basis. Id. § 232.78. A third section authorizes the removal of the child from the home after the filing of a petition but prior to a determination of whether a juvenile is a child in need of assistance. Id. § 232.95. A fourth section relates to removal of the child from the home upon an adjudication that the juvenile is a child in need of assistance (CINA). Id. § 232.96.
Iowa Code section 232.79 authorizes peace officers, juvenile court officers, and physicians to take a child into custody when there is imminent danger to the child and when there is not enough time to apply for a court order under Iowa Code section 232.78. A person authorized to remove the child must immediately orally inform the court of the emergency removal and follow up with a written explanation of the emergency removal and the circumstances surrounding the removal. Id. § 232.79(2)(d). Upon being notified of the emergency removal, the court is required to direct DHS or the juvenile probation department to make every effort to communicate with the child’s parents. Id. § 232.79(4)(u). After the court is informed of an emergency removal, the court may enter an ex parte order pursuant to Iowa Code section 232.78. Id. § 232.79(4)(c).
Iowa Code section 232.78 authorizes the juvenile court to enter an ex parte order directing a peace officer or juvenile court officer to take custody of a child before the filing of a CINA petition. Before an ex parte order may be issued, it must generally be demonstrated that the person re *204 sponsible for the care of the child is absent, or though present, was asked and refused to consent to the removal of the child. Id. § 232.78(l)(a). Ex parte removal may occur only when it appears that “the child’s immediate removal is necessary to avoid imminent danger to the child’s life and health.” Id. § 232.78(1)(6).
Any order entered under Iowa Code section 232.78 must include findings on a case-by-case basis unless imminent danger exists at the time of the court’s consideration. Id. § 232.78(7)(a.). The ex parte removal order is further inquired to include “[a] statement informing the child’s parent that the consequences of a permanent removal may include termination of the parent’s rights with respect to the child.” Id. § 232.78(7)(6).
Iowa Code section 232.95 provides for hearings concerning temporary removal of a child from the home after a CINA petition is filed but prior to adjudication. After a section 232.87 petition to determine whether a child is in need of assistance has been filed, the court on its own motion or any person entitled to file a CINA petition may seek a hearing to determine whether the child should be temporarily removed from the home. Id. § 232.95(1).
Upon a heai'ing, the court may remove the child from the home. Id. § 232.95(2)(a). If a child is removed from the home, the juvenile court is required to make “a determination that continuation of the child in the child’s home would be contrary to the welfare of the child” and that reasonable efforts have been made “to prevent or eliminate the need for removal of the child from the child's home.” Id. § 232.95(2)(a )(1).
The juvenile court is generally required to make removal determinations on a case-by-case basis, with the grounds explicitly documented and stated in the court’s order. Id. § 232,95(2)(a )(2). An exception to these requirements is provided for cases in which there is imminent danger to the child’s life or health. Id. If a child is removed from the home, the court order “shall ... include a statement informing the child’s parent that the consequences of a permanent removal may include termination of the parent’s rights with respect to the child.” Id. § 232.95(2)(a )(3).
Iowa Code section 232.96 relates to removal of the child from the home as a result of a CINA adjudication. If the court enters an order adjudicating the child to be a child in need of assistance, the juvenile court, if it has not previously done so, “may issue an order authorizing temporary removal of the child from the child’s home” as provided in section 232.95(2). Id. § 232.96(10). As under provisions relating to temporary removal after the filing of a petition, the court order is required to include a determination that continuation of the child in the child’s home would be contrary to the welfare of the child and that reasonable efforts have been made “to prevent or eliminate the need for removal of the child from the child’s home.” Id. § 232.96(10)(a).
Similarly, the juvenile court is required to make findings on a case-by-case basis with the exception of situations involving a threat of imminent harm to the child. Id. As with temporary removal orders following the filing of a petition under Iowa Code section 232.95, an order that removes the child from the home is required to include “[a] statement informing the child’s parent that the consequences of a permanent removal may include termination of the parent’s rights with respect to the child.” Id. § 232.96(10)(6).
2. Provisions related to termination. Iowa Code section 232.116 provides a framework for the termination of parental rights. Iowa Code section 232.116(1) lists *205 the specific grounds for which the court may order a termination of parental rights. In terminating the father’s parental rights in this case, the district court relied upon Iowa Code section 232.116(l)(e) and (f).
Iowa Code section 232.116(l)(e) provides that the court may terminate a parent’s rights if the state proves as follows:
(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(2) The child has been removed from the physical custody of the child’s parents for a period of at least six- consecutive months.
(3) There is clear,and convincing evidence that the parents have not maintained significant and meaningful contact with,the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.
(Emphasis added.)
Iowa Code section 232.116(l)(f) provides, in relevant part, that the court may terminate parental rights if the state proves as follows:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child’s parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child’s parents as provided in section 232.102.
(Emphasis added.)
B. Positions of the Parties.
1. The father. The father argues that the district court erred in granting termination of parental rights under Iowa Code section 232.116(l)(e) and (f). The main thrust of the father’s argument is that the term “removal” in both Code provisions requires a court order of removal under Iowa Code sections 232.78, 232.95, or 232,96. The father notes that at trial, the State conceded there, was no such removal order against the father.
In addition, the father argues that in order for a child to be “removed from physical custody” of a parent, the parent must have physical custody before the removal occurred. Otherwise, physical custody has not been “removed” or “taken away” from the father.
In support of his argument, the father notes that under Iowa Code sections 282.78(7X6), 232.95(2)(a )(3), and 232.96(10)(6 ), a parent is entitled to notice of the fact that the removal of the child could have-impact on parental rights. The father argues that he at no time received such a notice. While the adjudicatory order entered on November 30, 2012,- indicated that custody.was placed with the mother, there was no warning under Iowa Code section 232,96(10)(6) in the order. The father does not attack the sufficiency of the adjudicatory order, but rather .seeks to use the omission of notice as demonstrating that custody of the child has not been “removed” from him as required to support a termination under section 232.116(l)(e) or (f).
2. The State. The State responds by arguing that under Iowa Code section 232.116(l)(e) and (f) a formal “removal order” is not required. The State points *206 out that custody of the child has always been with the mother. As a result, the child was “removed” from the physical custody of the father because he was never in the physical custody of the father.
C. Analysis. We begin our discussion with a review of the text of Iowa Code section 232.il6(l)(e) and (f). Both subsections use the term “removed.” As demonstrated in the overview of statutory provisions, derivatives of the word “remove” are used in the context of changes being made in physical custody of the child through court order or persons authorized to take emergency action throughout chapter 232. In the statute, the term “remove” and its derivatives—in the context of physical custody—invariably involves a dynamic change of circumstance, not stasis.
It is possible, perhaps, that we should approach “remove” differently in Iowa Code section 232.116(l)(e) and if) than in the rest of chapter 232, but this would be an odd result. Ordinarily, we attempt to construe a term consistently throughout a statute. See, e.g., State v. Paye, 865 N.W.2d 1, 7 (Iowa 2015); Carson v. Roediger, 513 N.W.2d 713, 716 (Iowa 1994); B.A.A. v. Chief Med. Officer, 421 N.W.2d 118, 125 (Iowa 1988); see also In re Lucinda R., 85 A.D.3d 78, 924 N.Y.S.2d 403, 410 (2011) (survey of statutory provisions within article shows word “remove” or “removed” is used in the context of the state’s effectuation of removal of the child from the home).
Further, there is language in Iowa Code section 232.116(l)(e) and (f) that further supports a dynamic theory of the term “removed.” The fourth requirement under Iowa Code section 232.116(l)(e) provides that the State must show the parent has not made reasonable efforts “to resume care of the child.” Similarly, the fourth requirement of subsection (f) provides the State must show the child “cannot be returned” to the custody of the parents or parent. Iowa Code § 232.116(1)(f). The words “resume” and “returned” imply restoration of a previous custody situation. Here, however, the father never had physical custody of the child, and under no circumstances would he “resume” physical care or would the child be “returned” to his custody. It is hard to equate “removal” with “absence” when the statute also requires a finding of whether the physical care may be “resumed” and custody “returned.”
The notion of removal involving a change is not unknown in other areas of juvenile and family law. We have noted that under the Indian Child Welfare Act, Congress referred to the “removal” of Indian children from their families and placement of such children in foster and adoptive homes. In re A.E., 572 N.W.2d 579, 582 (Iowa 1997). We have also made repeated reference to “removal” of children out of the jurisdiction in our caselaw. See, e.g., In re Marriage of Frederici, 338 N.W.2d 156, 159 (Iowa 1983); In re Marriage of Lower, 269 N.W.2d 822, 825 (Iowa 1978); Alex v. Alex, 161 N.W.2d 192, 199 (Iowa 1968). We have referred to a custody decree prohibiting a parent without prior court approval to remove a child from one county to another. Nesler v. Nesler, 185 N.W.2d 799, 801 (Iowa 1971). We do not suggest that these usages necessarily determine the meaning of the term “remove” in the specific statutory provisions at issue here, but they do suggest that removal in the context of child welfare commonly involves a change in circumstance.
In fact, the notion of the term “remove” and its derivatives as involving a dynamic change in status is commonplace in the law. See, e.g., In Def. of Animals v. U.S. Dep’t of Interior, 751 F.3d 1054, 1064 (9th Cir. 2014) (holding “remove” in statute means to transfer wild horses and burros *207 from public lands on which they once lived to private lands, or the destruction of the animals); E. Sav. Bank, FSB v. Estate of Kirk ex rel. Kirk, 821 F.Supp.2d 543, 545 (E.D.N.Y. 2011) (holding concept of “removal” is limited to the transfer of an action commenced in state court to a federal court); United States v. One 1942 Studebaker, 59 F.Supp. 835, 838 (D. Del. 1945) (stating “removal” involves movement from one definite place to some other place); Mack Fin. Corp. v. Rowe (In re Rowe), 145 B.R. 556, 559 (Bankr. N.D. Ohio 1992) (holding “removal” of assets involves actual or physical change in position or locality which results in depletion of bankruptcy estate); Bates v. Riley, 130 So.3d 1225, 1231 (Ala. Civ. App. 2013) (finding switch not “removed” from machinery in tort case where coworker held switch to prevent machine from turning off); Ventura Realty Co. v. Robinson, 10 Cal.App.3d 628, 89 Cal.Rptr. 117, 122 (1970) (holding a constitutional provision on “removal” of county seat means transfer of seat of government from town to town); Widen v. County of Pike, 187 Ohio App.3d 510, 932 N.E.2d 929, 936 (2010) (stating failure to “remove” an obstruction to a public road means failure to move an obstruction already blocking highway); Larson v. Bunch, 208 Okla. 278, 255 P.2d 486, 488 (1953) (holding “removal” means that councilman must be in actual residence of the ward from which he is selected and that his removal from ward shall cause a vacancy).
We do not suggest that these usages necessarily mandate an interpretation of the term “removal” under Iowa Code section 232.116(l)(e) and (f), but they do reflect ordinary usage of the term. When the legislature has not defined a term, we look to, among other tools, prior court decisions and common usage. Kay-Decker v. Iowa State Bd. of Tax Review, 857 N.W.2d 216, 223 (Iowa 2014).
Of course, when statutes are ambiguous, we will look further into the statute to seek the legislature’s intent. Id. There is nothing in the context of Iowa Code chapter 232 that suggests we should construe the term “remove” as simply being absence of custody under Iowa Code section 232.116(l)(e) and (f), By construing “remove from physical custody” to require a change from physical custody to lack of physical custody under chapter 232, the statute ensures that before termination occurs under these subsections, a parent has had a chance at physical custody in the past that has been unsuccessful.[2]
We understand the State’s position is that mere absence of physical custody is sufficient to satisfy the “removed from physical custody” element for termination under section 232.116(l)(e) and (f). But many fathers, including those in military service, may be out of the country for extended periods of time and not have physical custody of a child for twelve months out of the previous eighteen months. Certainly such absence of physical custody would not provide the necessary predicate for a termination of parental rights under section 232.116(l)(e) and (f).
We have also examined the legislative history of the statute. Originally, Iowa Code section 232.116(l)(e) and (f) required the State to show that “[t]he custody of the child has been transferred from his or her parents for placement pursuant to section 232.102.” Iowa Code § 232.114(4) (1979). This provision was amended in 1992 and the current language adopted. The fiscal note to the proposed amendment stated that the amendment *208 “[cjhanges the requirements for termination of parental rights. The 6 month time period would start from the time the child is removed from the physical custody of the parents, not when legal custody is transferred.” H.F. 2452, 74th G.A., 2d Sess. fiscal note (Iowa 1992).
The fiscal note suggests that the purpose of the amendment was merely to speed up the time frame for calculation of the required twelve months under Iowa Code section 232.116(l)(e) and (f). See id. No other substantive change is mentioned.
In conclusion, the language, context, policy considerations, and legislative history of the statute tend to cut against the notion that mere lack of physical custody is sufficient to satisfy the statutory requirement of “removal of physical custody.”
The dissent argues that, in fact, physical custody was removed from the father and removal in fact for the required statutory period is sufficient to trigger the statute. On appeal, however, the State did not raise this issue.[3] The State on appeal conceded that “[C.F.-H.] always remained in the custody of the mother,” that “[C.F.-H.] has never been in the father’s physical custody,” and that “[C.F.-H.] has always been ‘removed’ from the physical custody of the father, meaning he has never been in the father’s physical custody.” Although the dissent makes a plausible argument around the issue of whether C.F.-H. was, in fact, actually removed from physical care, any contention that C.F.-H. had been so removed from physical custody has not been preserved. See Meier v. Senecaut, 641 N.W.2d 532, 537 (Iowa 2002).
In light of our disposition, we do not address the other arguments raised on appeal.
IY. Conclusion.
For the above reasons, the decision of the court of appeals is vacated and the judgment of the district court is reversed.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.
All justices concur except Mansfield, Waterman, and Zager, JJ., who dissent.

. At the hearing, the State also argued for termination of the father’s parental rights under Iowa Code sections 232.116(1)(⅛ 232.116(l)(d), and 232.116(1)(Z). The district court held there was no clear and convincing evidence that the child had been abandoned or deserted under Iowa Code section 232.116(l)(b). The district court also concluded that because there was no finding the child was physically or sexually abused or neglected, Iowa Code section 232.116(l)(d) was inapplicable. Finally, the district court found there was insufficient evidence in the record to support a finding of a severe substance-related disorder and that, as a result, termination could not be based on Iowa Code section 232.116(1 )(l). On appeal, the State does not challenge these rulings of the district court.

. We express no view on the question of whether a removal of the child from one parent is sufficient to support termination of parental rights of a noncustodial parent.

. “Physical care is the right and responsibility to maintain the principle home and provide routine care of the child.” In re Marriage of Stickle, 408 N.W.2d 778, 780 (Iowa Ct. App. 1987). According to the CINA petition filed by the State in this matter on September 19, 2012, however, the father did not have a permanent address.