# IN THE COURT OF APPEALS OF IOWA

No. 16-1572
Filed January 11, 2017

**IN THE INTEREST OF B.D.,**
**Minor child,**

**T.D., Father,**
      Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.


      A father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 232 (2015). **AFFIRMED.**


      John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant father.

      Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

      John P. Jellineck of Public Defender's Office, Des Moines, guardian ad litem for minor child.


      Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Terry appeals from an order terminating his parental rights in his child, B.D., pursuant to Iowa Code section 232.116(1)(f) (2015). The standard of review and controlling framework are well-established and need not be repeated herein. *See In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (same).

Terry concedes the statutory ground authorizing termination of his parental rights has been met. We nonetheless seek to satisfy ourselves the State has met its burden on this point. *See Santosky v. Kramer*, 455 U.S. 745, 759 (1982) ("A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one."). As relevant here, to terminate a parent's rights pursuant to section 232.116(1)(f), the State was required to prove "the child cannot be returned to the custody of the child's parents as provided in section 232.102" at the time of the termination hearing. Iowa Code § 232.116(1)(f)(4). Our cases had interpreted this provision to mean the child at issue was removed from at least one of the parents and could not be returned to the parent at issue at the time of the termination hearing without regard to whether the child had been removed from the parent at issue. *See In re C.L.*, No. 14-1973, 2015 WL 408392, at *2 (Iowa Ct. App. Jan. 28, 2015) (explaining the supreme court had rejected the argument the State was required to prove the child was removed from the custody of the parent at issue as a prerequisite to termination of parental rights pursuant to section 232.116(1)(f)); *In re J.B.L.*, 844 N.W.2d 703, 705 (Iowa Ct. App. 2014). Recently, the supreme

court held section 232.116(1)(f) provides a basis for termination only where there the child at issue was also removed pursuant to chapter 232 from the parent at issue. *See In re C.F.-H.*, ___ N.W.2d ___, ___, 2016 WL 7321713, at *13 (Iowa 2016). On de novo review, we conclude the condition was met in this case. The juvenile court issued a removal order on May 4, 2015, removing the child at issue from the father. *See id.* at *5-7 (discussing relevant statutory provisions related to removal). We also conclude, as will be set forth below, the State has proved the child could not be returned to the father's custody at the time of the termination hearing.

Terry contends the State failed to prove termination of his parental rights is in the best interests of the child. He also contends the juvenile court should not have terminated of his parental rights due to the strength of the parent-child-bond. The record does not support the father's arguments.

The child was born in 2011. Terry has not played a significant role in the child's life due to Terry's substance abuse and criminal behavior. Since the time of the child's birth, Terry has been convicted of theft in the fifth degree, domestic abuse assault, and assault causing bodily injury. At the time of the termination hearing, the father was incarcerated after being convicted of possession of methamphetamine with intent to deliver and failure to affix a drug tax stamp. His discharge date is in the year 2021. Terry testified he would be eligible for parole in November 2016 and placed in a halfway house. He conceded he could not have physical custody of the child in a halfway house. Prior to the time of his incarceration, the father did not exercise any regular visitation with the child and spent little time with her. He did not provide financial support on any regular

basis. The child does not recognize the father as her father. Terry testified he had not seen the child in over two years and admitted, "I probably never done my part."

Like the juvenile court, we find there is no parent-child bond and termination of the father's rights is in the best interest of the child. While the father would like to make amends for his past once paroled, "[i]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.M.*, 843 N.W.2d at 112. "What's past is prologue." *In re K.F.*, No. 14–0892, 2014 WL 4635463, at *4 (Iowa Ct. App. Sept. 17, 2014); *see also In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining future behavior).

**AFFIRMED.**