# IN THE COURT OF APPEALS OF IOWA

No. 16-2001
Filed March 22, 2017

**IN THE INTEREST OF K.B. and K.B.,**
**Minor Children,**

**T.B., Father,**
    Appellant,

**B.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, Associate Juvenile Judge.

A father and mother separately appeal from the order terminating their parental rights.   **AFFIRMED ON BOTH APPEALS.**


Charles F. Elles, Bettendorf, for appellant father.

Matthew A. Quinn of the Law Office of Matthew Quinn, Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until withdrawal) and Kristi Ann Traynor, Assistant Attorneys General, for appellee State.

Taryn Rena Purcell of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for minor children.


Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.  Tabor, J., takes no part.

**BOWER, Judge.**

A mother and father separately appeal the juvenile court decision terminating their parental rights. They claim (1) the evidence was insufficient to support termination; (2) the children had not been removed from the parents for six months; and (3) termination is not in the children's best interest. We find the evidence is sufficient to terminate, the juvenile court properly determined the children had been removed for six months, and termination is in the children's best interest. Accordingly, we affirm.

## I. Background Facts and Proceedings

The children, K.B. (born in 2013) and K.B. (born in 2014), came to the attention of the Iowa Department of Human Services (DHS) after it was alleged the mother was under the influence of controlled substances, the children lacked adequate supervision, both parents failed to obtain recommended medical treatment, the older child had a large unexplained burn which neither parent knew the cause of, the children were not being properly bathed, and marijuana was being used in the home while the children were present. Both parents tested positive for marijuana, though they denied using it in the presence of the children. The mother has been diagnosed with a mild intellectual disability and generalized anxiety disorder. The father was also diagnosed with a generalized anxiety disorder and bipolar II disorder.

The parents agreed to a voluntary relative placement with a maternal aunt of the children on April 15, 2016. Approximately a month later, the maternal aunt asked for the children to be removed as she was experiencing difficulty with her pregnancy. The parents then agreed to a voluntary foster care placement on

May 27, and the juvenile court placed the children in the custody of DHS on May 31.

The parents were offered visitation but neither parent attended even half of the allotted times. Both parents gave a variety of excuses, including work, lack of transportation, and illness. However, the provider testified a "good portion" of the visits were missed because of the parents' failure to confirm them.

Further, although substance abuse was a concern for both parents, neither attended substance-abuse treatment nor underwent a substance abuse evaluation. Both parents were, at best, sporadic in their compliance with mental health recommendations. The mother's medical benefits lapsed several times during the pendency of the case and she was unable to find coverage for services required under the parenting plan. The father's medical benefits also lapsed during the pendency of the trial, for which he had not reapplied. The parents had also not complied with the parenting sessions. The parenting sessions were scheduled to be held during visits, but because so many were missed, few parenting sessions were completed.

The termination hearing was held on November 8, 2016, and an order terminating parental rights was entered the same day. The mother and father now appeal.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or

substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the juvenile court's findings of fact but are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

Both parents' rights were terminated pursuant to Iowa Code section 232.116(1)(d), (e), and (h) (2016). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. Both parents claim there was insufficient evidence to terminate their parental rights. In order to terminate parental rights under section 232.116(1)(h), (1) the child must be three years old or younger, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the home for at least six of the last twelve months, or for the last six consecutive months with any period at home being less than thirty days, and (4) the child cannot be returned to the home as provided in section 232.102.

### III. Sufficiency of the Evidence

Both parents claim the children could have been returned to them at the time of the termination hearing. However, at the time of the termination hearing neither parent had addressed their substance abuse issues, had reliably participated in mental health treatment, nor effectively participated in parenting classes. While they provide excuses for their failures, it is clear the children cannot be returned to parents still struggling with substance abuse, mental-health

issues, and a lack of parenting skills.  We find there is sufficient evidence to terminate under section 232.116(1)(h).

## IV. Date of Removal

Both the mother and father claim the children were not removed from their physical custody for the last six consecutive months as required by Iowa Code section 232.116(1)(h)(3).  The children were voluntarily placed with a relative April 15 and were voluntarily placed in foster care May 27.  On May 31, the juvenile court entered an order placing temporary custody of the children with DHS.

The parents claim the children were not removed from their physical custody until the juvenile court order on May 31.  Our supreme court has recently addressed the issue of removal and held the purpose of removal is to ensure "that before termination occurs under these subsections, a parent has had a chance at physical custody in the past that has been unsuccessful."  *In re C.F.-H.*, 889 N.W.2d 201, 207 (Iowa 2016), reh'g denied (Feb. 10, 2017).  Terminating parental rights when a parent has never had the opportunity to demonstrate their fitness as a parent should be avoided.  *Id.*  Our supreme court also examined the legislative history of the removal statutes and found the purpose of the amendment "was merely to speed up the time frame for calculation . . . .  No other substantive change is mentioned."  *Id* at 208.  The legislative history noted "[t]he 6 month time period would start from the time the child is removed from the physical custody of the parents, not when legal custody is transferred."  H.F. 2452, 74th G.A., 2d Sess. fiscal note (Iowa 1992).  The focus of the statute is on the transfer of physical custody, and that focus is to ensure parents are given a

chance to show their fitness as parents. *Id.* Finally, our supreme court expressed concern that a loose interpretation of the term removal could result in unjust termination of parental rights of those parents who had never had physical care of the child*. See id.*

The framework established by *C.F.-H.* suggests a careful examination of the opportunity afforded parents to demonstrate their fitness to parent before termination. The removal of the children should serve as the focal point of the examination. The mother and father in this case had the opportunity to demonstrate their fitness as parents. They failed, and the children were adjudicated in need of assistance. After the children were determined to be in need of assistance a safety plan was established. The parents again failed to show they were fit, and the children were removed from their physical care and placed with the maternal aunt. Physical custody was transferred to the aunt April 15. Under the Iowa Code, as evaluated by our supreme court, the six month period of removal began when the children were physically removed from their parents.

## V. Best Interests

The parents both claim termination is not in the best interests of the children. After finding a ground for termination exists, we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to 'give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (citations omitted).

The parents have consistently demonstrated an inability and unwillingness to properly parent these children. Neither parent has exerted significant effort to address the underlying causes of the termination. The parents failed to consistently visit the children, engage with the resources and programs offered by DHS, or even accept responsibility. While these parents may have enough interest in their children to appeal the termination, they have not had enough interest in the children to address their substance abuse issues, mental health issues, or lack of parenting skills. Returning the children to their parents would make them unsafe and hinder their long-term physical, mental, and emotional growth and stability. Termination is clearly in the best interests of the children. Therefore, we find the juvenile court properly terminated the mother and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**