# IN THE COURT OF APPEALS OF IOWA

No. 24-0924
Filed August 7, 2024

**IN THE INTEREST OF R.M.-V.,**
**Minor Child,**

**S.M., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Britt Gagne of Gagne Law Office, Des Moines, for appellant mother.

　　Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

　　Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights under Iowa Code section 232.116(1)(f) and (*l*) (2024). She argues the State failed to prove grounds for termination, termination is not in the best interests of the child, and a permissive exception should be applied to preclude termination because of the closeness of the parent-child relationship.[1]

## I. Background Facts and Prior Proceedings

R.M.-V. was born in 2010. His family has been involved with the Iowa Department of Health and Human Services (HHS) sporadically over several years because of the mother's ongoing and unresolved methamphetamine use.[2]

HHS initially ended its involvement with the family in March 2022, but the birth of a new child in April of the same year, who tested positive for methamphetamine and amphetamines, prompted reinvolvement. R.M.-V. was removed from his mother's custody in June and adjudicated a child in need of assistance (CINA) in August. A subsequent hair-stat test of R.M.-V. was positive for methamphetamine. R.M.-V. was placed with his father after removal, but he was eventually moved to another relative placement.[3]

The mother engaged in outpatient substance-use treatment after R.M.-V. was adjudicated to be a CINA. But the mother minimized her history of use and

---

[1] The mother makes a passing reference to an extension of time and a guardianship, but because she does not develop these arguments, we do not address them. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002).

[2] The mother's parental rights were terminated to a younger child. Her appeal of this termination was recently affirmed by this court. *In re L.M.*, No. 24-0612, 2024 WL 3292689, at *4 (Iowa Ct. App. July 3, 2024).

[3] The father's parental rights were also terminated. He does not appeal.

remained involved in an unhealthy and abusive relationship with a boyfriend. The mother eventually completed treatment, and R.M.-V. was returned to his mother's custody following a May 2023 permanency hearing. But just months later, the mother relapsed, and there was domestic violence in the home. The State moved to modify in August, and R.M.-V. was again removed from his mother's custody in September.

The mother's continued substance use and involvement in an unhealthy relationship with her boyfriend prompted the State to file a termination petition in February 2024. A termination hearing was held the following month. The mother admitted she used methamphetamine less than one month prior to the hearing and had used the drug off and on over the last three or four years. She had not participated in outpatient treatment since February 2023, and she agreed she was not able to safely parent while using methamphetamine. Finding the mother had failed to address her substance use and pattern of unhealthy and abusive relationships, the court terminated her parental rights pursuant to Iowa Code section 232.116(1)(f) and (*l*). She appeals.

## II. Standard of Review

"In termination-of-parental-rights cases, we review the proceedings de novo." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

**III. Analysis**

The mother argues the State failed to present sufficient evidence showing grounds for termination, termination is not in the best interests of the child, and the close relationship between the mother and child should preclude termination.

To review the termination of parental rights, we follow a three-step analysis. *In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021). First, we determine whether a ground for termination under Iowa Code section 232.116(1) has been established. *Id.* Second, we consider whether the best interests of the child support termination, as laid out in section 232.116(2). *Id.* And finally, we look to see if any exceptions to termination in section 232.116(3) should be applied. *Id.* Ultimately, "[t]he State must prove termination was proper by clear and convincing evidence." *Id.* at 312.

A. Grounds for Termination

The court terminated the mother's parental rights pursuant to section 232.116(1)(f) and (*l*). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. Because we determine grounds for termination existed under section 232.116(1)(f), we limit our discussion to that ground.

A ground for termination under section 232.116(1)(f) exists if:

The court finds that all of the following have occurred:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or

for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not contest the first and second element. Rather, she focuses on the third and fourth elements. The third element of section 232.116(1)(f) requires a finding that the child has been removed from the physical custody of the child's parents for a minimum period of time. The mother asserts that the child was only removed "from the physical custody of the child's parents" for ten of the last eighteen months. She argues that because R.M.-V. was initially placed with his father after removal, he was not removed from the physical custody of his parents until a later date.[4]

We look at the specific timeline in our record in conjunction with the mother's argument. R.M.-V. was initially removed from his mother's custody and placed with his father from September 2, 2022 to January 17, 2023. He was placed with another relative from January 17 to May 9. He was returned to his mother's custody from May 9 to September 21. He was removed from his mother's custody

---

[4] Other Iowa cases have addressed similar, but slightly different timeframe arguments related to section 232.116. *See generally In re Z.P.*, 948 N.W.2d 518, 523 (Iowa 2020) (finding where one parent never had custody and was not subject to a removal order, removal from the other parent begins the clock as to both); *In re C.F.-H.*, 889 N.W.2d 201, 206–08 (Iowa 2016) (finding where a parent has never had custody, there must still be a removal); *In re J.E.*, 907 N.W.2d 544, 547 (Iowa Ct. App. 2017) ("Physical removal from the mother is sufficient to start the statutory timelines counting toward termination as to either parent."); *In re J.B.L.*, 844 N.W.2d 703, 705 (Iowa Ct. App. 2014) (finding when one parent is unaware they were even a parent, removal from the other parent still begins the accrual of time); *In re J.O.*, 675 N.W.2d 28, 30 (Iowa Ct. App. 2004) (finding that mere contact between the parent and child is not a return of physical custody, there must be a judicial determination and order returning the child to the parent).

again on September 21 and remained out of his mother's custody through the termination hearing in March 2024. Having only been in his mother's custody for just over four of the last eighteen months, the mother's argument related to the calculation of the twelve-month removal requirement under section 232.116(1)(f)(3) relies on the time R.M.-V. was in his father's custody.

Section 232.116(1)(f)(3) states that the child must have "been removed from the physical custody of the child's parents." In the mother's view, because R.M.-V. was placed in his father's custody after removal from her custody, he was not removed from the physical custody of his parents. We reject this argument. First, in interpreting statutory language, "the singular includes the plural, and the plural includes the singular." Iowa Code § 4.1(17). As a result, the significance the mother puts on the plural "parents" language in section 232.116(1)(f)(3) is misplaced.

The mother's argument that the child must be removed from the custody of both parents to terminate the parental rights of either parent is based on an erroneous reading of the statute, as "parents" as used in section 232.116(1)(f)(3), includes "parent." In other words, if the child's parents are separated and the juvenile court removes the child from the custody of one parent and places the child in the custody of the other parent, the placement does not toll the removal period under section 232.116(1)(f)(3). *In re A.U.*, No. 13-0599, 2013 WL 2646971, at *5 (Iowa Ct. App. June 12, 2013). And we have previously determined that removal of a child from one parent is sufficient to support termination of the other parent's parental rights." *In re Z.G.*, No. 16-2187, 2017 WL 1086227, at *3 (Iowa Ct. App. Mar. 22, 2017).

The child was removed from the custody of his mother on September 2, 2022, and the twelve months necessary under section 232.116(1)(f)(3) began accruing as to the mother on that date. The child was removed from his mother's physical custody for at least twelve of the last eighteen months.

As to the fourth element, the mother argues R.M.-V. could have been returned to her at the present time, asserting that the requirement of section 232.116(1)(f)(4) was not met. Section 232.116(1)(f)(4) requires there be "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." "At the present time" means "at the time of the termination hearing." *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018).

The mother has a long history of unresolved drug use. And "unresolved, severe, and chronic drug addiction can render a parent unfit to raise children." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). At the termination hearing, the mother reported that she had not used methamphetamine in the last twenty-two or twenty-three days, highlighting the mother's history of relapse after periods of sobriety.

The short period of sobriety preceding the termination hearing does not demonstrate the mother's ability to immediately resume custody of her child. *See In re K.A.*, No. 02-1925, 2003 WL 183994, at *3 (Iowa Ct. App. Jan. 29, 2003) ("The juvenile court found [the mother's] history of short-term sobriety and then relapse . . . mitigated against believing her statements about her substance use, especially in light of her long history of substance abuse. We fully concur in these findings.").

B. Best Interests

The mother further argues termination is not in R.M.-V.'s best interests. She asserts the differential treatment between R.M.-V. and another sibling, whose permanency goal is different, is detrimental, and termination should be a last resort.

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the [child's] best interests." *A.B.*, 815 N.W.2d at 776. "In evaluating this issue, we 'give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)).

The best interests of a child are impacted heavily by the need for permanency: "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. The mother has been unable to provide R.M.-V. with permanency. R.M.-V. has been moved from placement to placement, returned to the mother's custody, and removed again because of the mother's relapse. This is not permanency. *See id.* The mother used methamphetamine less than one month before the termination hearing. She has failed to demonstrate that she is on a path to sobriety. This has rendered her unable to provide R.M.-V. with a stable home. *See W.M.*, 957 N.W.2d at 314 ("[W]e cannot deprive these children of a stable home on the hope that Mom will someday be able to succeed in her efforts to remain sober."). Termination is in the best interests of R.M.-V.

C.  Permissive Exception

The mother also argues a permissive exception should be applied to preclude termination because of the close parent-child relationship.  She specifically highlights the exception in Iowa Code section 232.116(3)(c): "The court need not terminate the relationship between the parent and child if . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  But the court is not required to apply an exception: "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).  Once a ground for termination has been established, it is up to the parent to show the court should apply an exception.  *A.S.*, 906 N.W.2d at 476.  And "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs."  *D.W.*, 791 N.W.2d at 709.

There is no question that the mother loves R.M.-V.  And R.M.-V. has expressed a desire to be returned to the mother's home.  But the child also reported that if a return to the mother's custody is not possible, the child wishes to be adopted by the current placement, who is willing to do so.  Where a child has achieved stability in a home willing to adopt them, we must consider that before applying an exception which will cast them back into chaos.  *See M.W.*, 876 N.W.2d at 225.

The mother acknowledged she cannot care for her child when she is using methamphetamine, and she has failed over several years to address her methamphetamine use. The mother's continued inability to place herself in a position to parent R.M.-V. weighs against the application of an exception. *See In re B.B.*, No. 22-1816, 2023 WL 3335868, at *4–5 (Iowa Ct. App. May 10, 2023).

We conclude that the mother has not shown clear and convincing evidence that termination of her parental rights would be detrimental to R.M.-V. because of the closeness of their relationship. *See In re A.B.,* 956 N.W.2d 162, 169 (Iowa 2021).

## IV. Conclusion

Clear and convincing evidence supports termination under section 232.116(1)(f), termination is in the best interests of the child, and the application of a permissive exception is unwarranted. We affirm.

**AFFIRMED.**