**IN THE COURT OF APPEALS OF IOWA**

No. 16-2098
Filed March 8, 2017

**IN THE INTEREST OF A.F.,**
**Minor Child,**

**D.F., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Steven W. Guiter,

District Associate Judge.


        A father appeals the juvenile court decision terminating his parental rights.

**AFFIRMED.**



        Kevin E. Hobbs of Kevin Hobbs, Attorney at Law, West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Dawn M. Bowman of Bowman Law Office, Pleasantville, guardian ad litem

for minor child.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father appeals the juvenile court decision terminating his parental rights. We find the father's parental rights were properly terminated under Iowa Code section 232.116(1)(h) (2016). There was clear and convincing evidence the child had been removed from the parents' care for at least six months and the child could not be safely returned to the father's care. We also find termination of the father's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

D.F., father, and N.R., mother, are the parents of a child born in 2014. The father participated in caring for the child for about one year after she was born. The child was removed from the parents' care on September 14, 2015, after the mother tested positive for methamphetamine. The father was in the Newton Correctional Facility at the time.[1] The child was placed in the care of the maternal grandmother.

The parties stipulated the child was in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2015), which provides for CINA adjudication when a child has suffered or is imminently likely to suffer harmful effects due to the parents failure "to exercise a reasonable degree of care in supervising the child." On May 4, 2016, the juvenile court modified the dispositional order to place the child in "another suitable placement," along with one of the child's half-siblings.

---

[1] The father's probation for theft in the second degree was revoked on May 20, 2015, due to a conviction for possession of drug paraphernalia.

On April 22, 2016, the father was placed in a half-way house in Burlington. He obtained employment. He participated in a substance abuse evaluation and completed an extended outpatient treatment program. The father was released from the half-way house on September 6, 2016. He was currently living with a woman who had some prior involvement with the Iowa Department of Human Services. The father participated in two authorized visits with the child and had one unauthorized interaction. He had telephone contact with the child both while he was in prison and the half-way house.

On September 8, 2016, the State filed a petition seeking termination of the parents' rights. After the hearing, the juvenile court entered an order on December 2, 2016, terminating the father's parental rights under section 232.116(1)(d) and (h) (2016). The court found services had been offered to the father and he did not participate in the services. The court also found the child could not be safely returned to the father's care at the current time. The father now appeals the juvenile court order terminating his parental rights.[2]

## II.    Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

---

[2] The mother's appeal of the termination order was dismissed.

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

**III.     Sufficiency of the Evidence**

The father claims there is not sufficient evidence in the record to support termination of his parental rights under section 232.116(1)(d) or (h).

**A.**     Section 232.116(1)(d) provides a parent's rights may be terminated on the ground if:

> The court finds that both of the following have occurred:
>     (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
>     (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

"The grounds for a CINA adjudication do matter." *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014). The phrases "physical abuse or neglect" or "abuse or neglect" mean "any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." Iowa Code § 232.2(42). The Iowa Supreme Court has noted a CINA determination under section 232.2(6)(c)(2) cannot lead to a termination of parental rights under section 232.116(1)(d) because an adjudication under section 232.2(6)(c)(2) does not require a finding of physical abuse or neglect. *See J.S.*, 846 N.W.2d at 41.

We determine the father's parental rights could not be properly terminated under section 232.116(1)(d) because there was no evidence the child suffered a "nonaccidental physical injury." *See In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016) (finding termination of parental rights under section 232.116(1)(d) could not be supported in the absence of a finding the child suffered a "nonaccidental physical injury").

**B.** Under section 232.116(1)(h), a parent's rights may be terminated on the ground if:

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

There is clear and convincing evidence in the record to show the child, who was born in 2014, was younger than three at the time of the termination hearing in 2016. *See* Iowa Code § 232.116(1)(h)(1). Also, there had been a CINA adjudication pursuant to section 232.96. *See id.* § 232.116(1)(h)(2).

In his petition on appeal, the father states, "In the instant case, A.F. was not removed from D.F.'s custody and it was never alleged that D.F. neglected or abused A.F." The Iowa Supreme Court recently determined termination provisions requiring a finding "[t]he child has been removed from the physical custody of the child's parents," require a change from physical custody to lack of

physical custody.[3] *In re C.F.-H.*, 889 N.W.2d 201 (Iowa 2016). The court stated, "the statute ensures that before termination occurs under these subsections, a parent has had a chance at physical custody in the past that has been unsuccessful." *Id.* In *C.F.-H.*, the parties agreed the child had always been in the mother's custody and had never been in the father's custody. *Id.* at 208. The father claimed he had not been informed removal of the child from the mother could impact his parental rights. *Id.* at 205. The court disregarded, "the notion that mere lack of physical custody is sufficient to satisfy the statutory requirement of 'removal of physical custody.'" *Id.* at 208.

In the present case, the father testified, "I was with her every night for her first year, you know, a little over her first year taking care of her. Made sure she had her bath every day." He testified he stayed with the child as long as he could before his most recent incarceration. The child was born in February 2014. The father testified he used drugs until December 2014 or January 2015, and stated, "It was right before I ended up going in." The father's probation was revoked due to a conviction for possession of drug paraphernalia in May 2015. He stated he had telephone contact with the child while he was in prison and the half-way house. The father testified he planned to take care of the child after he was released from the half-way house.

We determine the child was removed from the father's care, as required by section 232.116(1)(h)(3). Unlike the father in *C.F.-H.*, the father here had been caring for the child until the time of his incarceration, a few months before

---

[3] The court was examining sections 232.116(1)(e)(2) and (f)(3), which contain removal provisions similar to section 232.116(1)(h)(3). *See C.F.-H.*, 889 N.W.2d at 205.

the child was removed from the parents' care. If not for the removal order, the father would have been able to resume care of the child when he was released from the half-way house in September 2016. He had a chance at parenting the child. *See id.* at 207. We also note the adjudication order provided, "The parents are informed that the consequences of a permanent removal may include termination of the parent's rights with respect to the children." *Cf. id.* at 205 (noting the father claimed he had not been informed removal of the child from the mother could impact his parental rights). Finally, here the child was removed from the care of the mother, unlike the child in *C.F.-H. The C.F.-H.* court expressed "no view on the question of whether a removal of the child from one parent is sufficient to support termination of parental rights of a noncustodial parent." *Id.* at 207 n.2. We conclude it is. The code and our case law provide the word "parents" should be construed to include both the singular and the plural. *See* Iowa Code § 4.1(17); *In re Marriage of N.M.*, 491 N.W.2d 153, 155 (Iowa 1992). In this case, the requirement that the child be removed from the "parents" thus means either or both parents.

We also determine there is clear and convincing evidence in the record to show the child could not be safely returned to the father's care. *See* Iowa Code § 232.116(1)(h)(4). The father has a long history of substance abuse and criminal conduct. He began using illegal drugs when he was nineteen years old. The father testified he successfully completed substance-abuse treatment seven times but had relapsed after previous treatment programs. The father testified he had either been in prison or on parole for the last twenty years, except for a six-

month period. The father testified he had cared for the child for about the first year of her life, but he also stated he had occasionally used methamphetamine during that time.

We conclude the juvenile court properly terminated the father's parental rights under section 232.116(1)(h).

## IV. Best Interests

The father claims termination of his parental rights is not in the child's best interests. In considering a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We find termination of the father's parental rights is in the child's best interests. The evidence does not show the father is in a position to successfully care for the child's needs. During the time the father previously cared for the child he engaged in criminal conduct and used illegal drugs.

The father also claims the juvenile court should have decided not to terminate his parental rights based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). The juvenile court found the parents' actions "demonstrate to the Court that the bond is not so strong to be detrimental to [the child] if termination of parental rights occurred." The court noted the father had only two supervised visits with the child after his release from the half-way house. We conclude the juvenile court properly decided not to apply the exception found in section 232.116(3)(c).

We affirm the decision of the juvenile court.

**AFFIRMED.**