IN THE COURT OF APPEALS OF IOWA
No. 18-1425
Filed November 7, 2018

IN THE INTEREST OF J.H.,
Minor Child,

Z.H., Father,
    Appellant.
_____

    Appeal from the Iowa District Court for Cedar County, Gary P. Strausser, District Associate Judge.

    The father appeals the termination of his parental rights to his child. **AFFIRMED**.

    Mark J. Neary of Neary Law Office, Muscatine, for appellant father.

    Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

    Lisa Jones of Norton, Baumann & Surls, PLLC, Lowden, guardian ad litem for minor child.

    Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

The father appeals the termination of his parental rights to J.H., born in May 2016. He argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(h), (n), and (m) (2018). Because the father severely abused J.H. and was ordered to vacate the home, we find the statutory grounds under Iowa Code section 232.116(1)(h) were proved by clear and convincing evidence.

## I.        Background Facts and Proceedings

This family first came to the attention of the Iowa Department of Human Services (DHS) on July 24, 2016. At that time, J.H., who was about two and one-half months old, was transferred to the University of Iowa Hospitals and Clinics for multiple injuries associated with Shaken Baby Syndrome and severe physical abuse, including head injury and multiple fractured ribs at various stages of healing. The father was caring for J.H. the day J.H. was admitted to the hospital, and he confessed to throwing J.H. on the bed in frustration. On September 7, while J.H. was still hospitalized, the juvenile court issued an order for the father to remove himself from the home. J.H. has remained in his mother's custody. In August 2017, the father was convicted of child endangerment, multiple acts resulting in serious injury, as well as neglect of dependent person, in violation of Iowa Code sections 726.6A and 726.3 respectively. The court imposed a sentence not to exceed fifty years of incarceration on the child-endangerment conviction and

not to exceed ten years on the neglect conviction, imposing the terms to run consecutively.[1]

## II.      Standard of Review

We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116."  *Id.*; *see* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated.").  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III.      Grounds for Termination

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).[2]  The

---

[1] To illustrate the severity of J.H.'s injuries, just prior to the termination hearing in May 2018, the DHS reported to the court:

> There have not been significant improvements regarding [J.H.'s] condition.  He reportedly is doing as best as can be expected based on the level of injuries he has sustained.  The prognosis for [J.H.] to gain or learn new things is very slim.  His brain capacity is not functioning to be able to process the concept of learning.  Essentially, he potentially will remain at the same level of care in the future, as he is now.

[2] The father appeals the grounds for termination under subsections (h), (m), and (n) of Iowa Code section 232.116(1).  We find the State has met its burden under Iowa Code section 232.116(1)(h) and decline to discuss the other subsections.

father argues the district court erroneously found the State proved by clear and convincing evidence his parental rights should be terminated under Iowa Code section 232.116(1)(h).[3]  Specifically, he argues section 232.116(1)(h)(3) has not been proved because J.H. was never removed from the mother's custody and was never legally removed from the father's custody.

First, the father argues that J.H. must be removed from *both* parents' custody in order to satisfy section 232.116(1)(h)(3) because the statute uses the plural form rather than the singular.  In *In re N.M.*, our supreme court found:

> The legislature made its intent clear by providing that chapter 232 [of the Iowa Code] "shall be liberally construed to the end that each child under the jurisdiction of the court shall receive, preferably in the child's own home, the care, guidance, and control that will best serve the child's welfare and the best interest of the child's welfare and the best interest of the State." . . . .
> . . . .
> It is not in the child[]'s best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the child[] [is] placed in the separate home of the other parent.

491 N.W.2d 153, 155 (Iowa 1992) (citation omitted).[4]  Moreover, Iowa Code section 4.1(17) states, "Unless otherwise specifically provided by law the singular

---

[3] The relevant provision allows the court to terminate when it finds all the following have occurred:
>   (1)  The child is three years of age or younger.
>   (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>   (3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>   (4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

[4] While the holding in *N.M.* only referenced section 232.116(1)(d), the supreme court included a footnote that this analysis would apply to section 232.116(1)(e) and (g) as well.

includes the plural, and the plural includes the singular." Therefore, we agree with the district court that a child's removal from only one parent satisfies section 232.116(1)(h)(3).

Second, the father argues the district court ordered him to remove himself from the family residence but never affirmatively removed J.H. from the father's custody. We find this to be a distinction without a practical difference. On September 7, 2016, the court issued an order to remove the father from the residence pursuant to Iowa Code section 232.82.[5]

Iowa Code section 232.116(1)(h)(3) requires the State to prove by clear and convincing evidence "[t]he child has been removed from the physical custody of the child's parent[]." "In the statute, the term 'remove' and its derivatives—in the context of physical custody—invariably involves a dynamic change of circumstance, not stasis." *In re C.F.-H.*, 889 N.W.2d 201, 206 (Iowa 2016). "By construing 'remove from physical custody' to require a change from physical custody to lack of physical custody . . . the statute ensures that before termination occurs . . . a parent has had a chance at physical custody in the past that has been unsuccessful." *Id.* at 207. The State's application to have the father removed from

---

491 N.W.2d at 155 n.5. Section 232.116(1)(g) in the 1992 version of the statute is identical to section 232.116(1)(h) of the 2018 version of the Iowa Code. *Compare* Iowa Code § 232.116(1)(g) (1992), *with* Iowa Code § 232.116(1)(h) (2018). Therefore, the analysis in *N.M.* applies to the relevant language in this case.

[5] Iowa Code section 232.82 states:

> [T]he juvenile court may enter an ex parte order requiring the alleged . . . physical abuser to vacate the child's residence upon a showing that probable cause exists to believe that the . . . physical abuse has occurred and that substantial evidence exists to believe that the presence of the alleged . . . physical abuser in the child's residence presents a danger to the child's life or physical, emotional, or mental health.

In addition, a no-contact order was issued in the criminal case on November 8, 2016, and was extended on February 8, 2018, to last until October 27, 2022.

the home stated: "There is substantial evidence to believe that the presence of the alleged physical abuser in the child's residence presents a danger to the child's life. The child is an infant and unable to self-protect and the severity of the abuse showed lack of anger control." By ordering the father to vacate the residence, a "dynamic change of circumstances" occurred. *Id.* at 206. Therefore, we find the father's assertion J.H. was not "removed" from his physical custody wholly lacking in merit.

### IV.    Conclusion

Since the child need not be removed from both parents to satisfy the grounds and the child was removed from the father's custody, we conclude the State proved by clear and convincing evidence the grounds for termination of the father's parental rights.[6]

**AFFIRMED**.

---

[6] The father does not appeal the findings of the district court as to Iowa Code section 232.116(2) or (3).