# IN THE COURT OF APPEALS OF IOWA

No. 19-0467
Filed June 5, 2019

**IN THE INTEREST OF T.N.,**
**Minor Child,**

**J.M., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

     A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

     Jacob L. Mason of JL Mason Law PLLC, Des Moines, for appellant Mother.

     Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

     William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney for minor child.

     Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, guardian ad litem for minor child.

     Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her child.[1]  She challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court, Iowa Code section 232.116(1)(b), (e), and (f) (2018).[2]  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home.  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

As to termination under paragraphs (e) and (f), the mother only challenges the sufficiency of the evidence relative to the requirement that the child was removed from her physical custody.  *See* Iowa Code § 232.116(1)(e)(2) (requiring that the "child has been removed from the physical custody of the child's parents for a" certain period of time), (f)(3) (same).  "[T]he term 'remove' and its derivatives," as used in paragraphs (e) and (f), "invariably involves a dynamic change of circumstance, not stasis."  *In re C.F.-H.*, 889 N.W.2d 201, 206 (Iowa 2016).  Mere "absence of custody" is insufficient; there must be "a change from physical custody to lack of physical custody."  *See id.* at 207.  Although the term

---

[1] The parental rights of the child's father were also terminated.  He does not appeal.

[2] The mother does not argue termination is not in the child's best interests or a statutory exception should be applied to avert termination.  *See* Iowa Code § 232.116(2), (3).  Thus, we need not address these steps in the three-step termination framework.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother does passively request a six-month extension to work toward reunification.  *See* Iowa Code §§ 232.104(2)(b), .117(5).  Her failure to mount an argument concerning her alleged entitlement to an extension waives the issue.  *See* Iowa R. App. P. 6.903(2)(g)(3); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

"physical custody" is not defined in chapter 232, we have interpreted it to mean the exercise of "physical possession, care, control, and responsibility over a child." *In re L.A.M.*, No. 00-0666, 2001 WL 246371, at *5 (Iowa Ct. App. Mar. 14, 2001).

The record discloses the following pertinent facts. As a result of a prior child-in-need-of-assistance proceeding, a guardianship over the child was established in a maternal cousin. However, the guardian returned the child to the care and custody of the mother. The State applied for removal of the child from the mother's care, noting she "has unaddressed substance abuse and mental health needs that were not addressed" despite receiving services for roughly the preceding two years. The court granted the application and ordered that the child be removed from the mother's physical custody. Because the guardian physically returned the child to the mother's care and the court subsequently removed the child from her care, we find the evidence sufficient to show "a change from physical custody to lack of physical custody." *See C.F.-H.*, 889 N.W.2d at 207; *see also L.A.M.*, 2001 WL 246371, at *4 (concluding the meanings of physical custody and legal custody under chapter 232 are distinct).

We affirm the termination of the mother's parental rights under Iowa Code section 232.116(1)(e) and (f). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

**AFFIRMED.**