# IN THE COURT OF APPEALS OF IOWA

No. 19-2032
Filed March 4, 2020

**IN THE INTEREST OF A.N.,**
**Minor Child,**

**C.N., Father,**
 Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

A father appeals from an order terminating his parental rights. **AFFIRMED.**

Bryan J. Tingle, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

M. Kathryn Miller of Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

A father appeals from the termination of his parental right to his child, A.N. He argues (1) the State failed to satisfy the statutory grounds authorizing termination, (2) termination is not in the child's best interest, and (3) a permissive statutory exception should have been applied to preclude termination.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The father claims the State failed to satisfy the statutory grounds authorizing termination. The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (f) (2019). When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on section 232.116(1)(f). Paragraph (f) authorizes termination of a parent's rights when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father only challenges the removal element under subparagraph (3). But the father consented to the temporary removal of the child from his physical care following allegations the father used methamphetamine in the home, gave drugs to A.N.'s minor half-sibling, and sexually abused A.N.'s minor half-sibling. And the juvenile court continued removal in subsequent orders such as the order adjudicating A.N. as a child in need of assistance and the dispositional order. All told, the removal element appears well-established.

Still the father challenges the court's failure to adhere to the section 232.95(1) requirement to hold a hearing within ten days of the temporary removal. But section 232.116(1)(f)(3) only requires the State to establish removal occurred. *See In re C.F.-H.*, 889 N.W.2d 201, 206 (Iowa 2016). Any deficiency in the removal process, such as the juvenile court's failure to hold a hearing within ten days of the temporary removal, is now moot. *See In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994). "We cannot go back in time and restore custody based on alleged errors in the initial removal . . . ." *Id.*

The father also alleges removal never occurred because A.N. remained in the mother's care. We have addressed this argument before. The removal requirement does not require removal from both parents; it is satisfied when the child is removed from either parent.[1] *See, e.g., In re N.M.*, 491 N.W.2d 153, 155–

---

[1] Moreover, we note this case differs from *C.F.-H.* 889 N.W.2d at 208. In that case, our supreme court determined removal never occurred because the child was always in the mother's custody and had never been in the father's care; so, the child could not be removed from the father's physical care. *Id.* at 206–08. Here, although A.N. remained in the mother's care like the child in *C.F.-H.*, A.N. was in the father's physical care prior to removal unlike the child in *C.F.-H.* This distinction is critical because it demonstrates "a change from physical custody to lack of physical custody under chapter 232" and "ensures that before termination

56 (Iowa 1992) (clarifying a parent's parental rights may be terminated while the other parent retains custody of the child); *In re C.H.*, No. 16-2179, 2017 WL 1278368, at *3 (Iowa Ct. App. Apr. 5, 2017) (concluding the removal element "includes removal from either parent").

Additionally, the father notes the juvenile court did not order his removal from the familial home pursuant to Iowa Code section 232.82.[2] He suggests this means A.N. was never really removed from his care. We disagree. First, use of "may" in section 232.82 suggests its application is permissive, not mandatory. *See*

---

occurs under these subsections, [the father] has had a chance at physical custody in the past that has been unsuccessful." *See id.* at 207.

[2] Section 232.82 provides:

> 1. Notwithstanding section 561.15, if it is alleged by a person authorized to file a petition under section 232.87, subsection 2, or by the court on its own motion, that a parent, guardian, custodian, or an adult member of the household in which a child resides has committed a sexual offense with or against the child, pursuant to chapter 709 or section 726.2, or a physical abuse as defined by section 232.2, subsection 42, *the juvenile court may enter an ex parte order* requiring the alleged sexual offender or physical abuser to vacate the child's residence upon a showing that probable cause exists to believe that the sexual offense or physical abuse has occurred and that substantial evidence exists to believe that the presence of the alleged sexual offender or physical abuser in the child's residence presents a danger to the child's life or physical, emotional, or mental health.
>
> 2. If an order is entered under subsection 1 and a petition has not yet been filed under this chapter, the petition shall be filed under section 232.87 by the county attorney, the department of human services, or a juvenile court officer within three days of the entering of the order.
>
> 3. The juvenile court may order on its own motion, or shall order upon the request of the alleged sexual offender or physical abuser, a hearing to determine whether the order to vacate the residence should be upheld, modified, or vacated. The juvenile court may in any later child in need of assistance proceeding uphold, modify, or vacate the order to vacate the residence.

(Emphasis added).

*Kopecky v. Iowa Racing and Gaming Comm'n*, 891 N.W.2d 439, 443 (Iowa 2017) ("When the legislature uses the term 'may' in a statute, it is usually permissive."). In any event, section 232.82 is inapplicable because the father was not accused of sexually or physically abusing A.N.  *See* Iowa Code § 232.82.

Moreover, an order removing the father from the home was not necessary because the father left the home and moved to New York shortly after he consented to the removal order.  Also, there was a no-contact order between the mother and the father.  And the juvenile court entered a no-contact order between the father and A.N. following the father's move.  So the father would not have been legally entitled to return the familial home, where the mother and A.N. resided.

Like the juvenile court, we conclude A.N. was removed from the father's care as required by section 232.116(1)(f)(3).

Next, the father argues termination is not in A.N.'s best interest.  In considering the best interest of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.* at 41.

The father argues termination would cut him off as a source of financial support for A.N.[3]  So, instead of termination, he urges the juvenile court should

---

[3] The juvenile court granted concurrent jurisdiction so the mother could pursue a dissolution of marriage action.

have transferred sole custody of A.N. to the mother pursuant to section 232.104(2)(d)(2). We disagree. While termination forecloses a possible source of financial support, the record shows the mother can manage on her own and did so during the pendency of this case. Termination also provides A.N. with both maximum stability and maximum protection from the father, who continued to abuse methamphetamine even while on pretrial release for allegations he committed third-degree sexual abuse and delivered or intended to deliver methamphetamine to A.N.'s half-sibling.[4]

Finally, the father claims the juvenile court should have applied section 232.116(3)(a) to preclude termination. Section 232.116(3)(a) permits a juvenile court to preclude termination when "[a] relative has legal custody of the child." The father argues that, because the mother has legal custody of A.N., the juvenile court should have applied this exception and declined to terminate. Again, we disagree. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent contesting termination. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). But the father has presented no compelling argument to forgo termination. Rather, as noted above, we are comfortable that termination is in A.N.'s best interest.

The juvenile court was correct in terminating the father's parental rights.

**AFFIRMED.**

---

[4] The father's criminal trial had not yet occurred at the time of the termination hearing.